

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-22-2005

# Singh v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3329

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Singh v. Atty Gen USA" (2005). *2005 Decisions.* Paper 669.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/669

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3329
_____

HARCHAND SINGH,
Petitioner


v.

Attorney General of the United States,
Respondent
_____

On Petition for Review of an Order
of the Board of Immigration Appeals
Agency No. A74 854 160
on July 19, 2004
_____


Submitted Under Third Circuit LAR 34.1(a)
April 14, 2005

Before: ROTH, MCKEE AND ALDISERT, CIRCUIT JUDGES

(Filed: August 22, 2005)


_____

OPINION
_____

PER CURIAM

Harchand Singh has filed a petition for review of an order of the Board of

Immigration Appeals (BIA), denying his third motion to reopen his removal proceedings. On April 19, 2004, we denied his petition for review from the BIA's June 2, 2003 order denying his second motion to reopen. See Singh v. Ashcroft, No. 03-2811. Following our denial, Singh filed a third motion to reopen. Attached were affidavits from neighbors and family members stating that the police were bothering them "time and again" concerning Singh's whereabouts, and that his life would be in danger if he returned to India. The BIA denied the motion to reopen as numerically barred and time barred. It also determined that Singh had not established "changed circumstances" sufficient to overcome the time and number limits.

As Singh is aware, we review the Board's denial of a motion to reopen for abuse of discretion with "broad deference" to its decision. Ezeagwuna v. Ashcroft, 325 F.3d 396, 409 (3d Cir. 2003). Singh's third motion was clearly numerically barred and untimely. Further, the affidavits he attached do not show any changed circumstances. The affiants do not state that the police questioning is anything new; further, evidence that police are questioning his family and neighbors would not compel the BIA to find that the matter should be reopened. 8 C.F.R. § 1003.2(c)(3)(ii). Singh has not shown that the Board's discretionary decision was somehow arbitrary, irrational, or contrary to law. See Tipu v. INS, 20 F.3d 580, 582 (3d Cir. 1994).

We will deny the petition.